No. 04-97-01023-CV


City of SAN ANTONIO,


Appellant


v.


Henry VALADEZ Jr.,


Appellee


From the 224th Judicial District Court of Bexar County, Texas


Trial Court No. 96-CI-05202


Honorable Janet Littlejohn, Judge Presiding

ON APPELLEE'S MOTION FOR REHEARING


Opinion by: Tom Rickhoff, Justice 

Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Karen Angelini, Justice

Delivered and Filed: September 22, 1999


APPELLEE'S MOTION FOR REHEARING GRANTED; AFFIRMED AS REFORMED

 Appellee's motion for rehearing is granted. We withdraw the opinion and judgment issued
February 10, 1999 and substitute this one in its place.

 In this suit, we interpret both the City of San Antonio's ordinance authorizing indemnity
for a judgment against a police officer and the state law authorizing the ordinance.

 Henry Valadez, Jr. won a jury verdict against San Antonio police officer James Jones for
negligence, gross negligence, false imprisonment, assault and malice; judgment was entered solely
on the negligence claim. (The verdict stemmed from Jones' arrest of Valadez, a television news
cameraman, at a house fire.) This court affirmed this judgment in an unpublished opinion. Jones
v. Valadez, No. 04-92-00103-CV (Tex. App.--San Antonio October 7, 1992, writ denied).
Valadez then filed suit to force Jones to turn over his unasserted cause of action for indemnity
against the City of San Antonio; the trial court granted the turnover order and this court affirmed
in another unpublished opinion. Jones v. Valadez, No. 04-95-00646-CV (Tex. App.--San Antonio
May 31, 1996, writ denied). Jones turned the action over to the Bexar County sheriff; Valadez
bought it at auction and now seeks to assert this right to collect on the judgment. Valadez moved
for and won summary judgment against the City. In four issues presented the City argues the
grant of summary judgment was error because: 1) Valadez did not establish his right to indemnity
as a matter of law; 2) the City was not estopped from arguing now that its officer acted in bad faith
when it went to trial arguing its officer acted in good faith; 3) the judgment against its officer is
not a judgment against the City; 4) damages are limited to $100,000 by Tex. Civ. Prac. & Rem.
Code Ann. 102.003 (Vernon 1997). Because we agree that the City's liability is limited by state
law, we affirm the judgment as reformed.



Standard of Review


 The party moving for summary judgment has the burden of showing that no genuine issue
of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-549 (Tex. 1985). In
deciding whether a disputed material fact issue precludes summary judgment, the reviewing court
will take as true all evidence favoring the nonmovant; every reasonable inference from the
evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor.
Nixon, 690 S.W.2d at 549. A defendant who conclusively negates at least one of the essential
elements of each of the plaintiff's causes of action is entitled to summary judgment. Wornick Co.
v. Casas, 856 S.W.2d 732, 733 (Tex. 1993).

Indemnity


 In its first three issues presented, the City argues that summary judgment was improper
because Valadez did not prove that the City was liable for Jones' acts as a matter of law. We
believe our interpretation of the City's ordinance resolves these points.

 Valadez argues that to recover under the ordinance, all he had to prove was that it was the
City's position, sealed by its decision to take over and control Jones' defense, that Jones was
acting in good faith at the time of the incident. We agree.

 The same rules apply to the construction of municipal ordinances that apply to the
construction of statutes. Mills v. Brown, 159 Tex. 110, 316 S.W.2d 720, 723 (1958). This Court
is bound to look to the intent of the city council in construing an ordinance and to effectuate that
intent. Bolton v. Sparks, 362 S.W.2d 946, 951 (Tex.1962); Chemical Bank v. Commercial
Industries Service Co., Inc., 662 S.W.2d 802, 804 (Tex. App.--Houston [14th Dist.] 1983, writ
ref'd n.r.e.). In interpreting an ordinance or statute, this court gives words their ordinary meaning.
Geters v. Eagle Ins. Co., 834 S.W.2d 49, 50 (Tex.1992). If the statute or ordinance is
unambiguous, the law must be given its "literal interpretation," and the intent of the drafters is to
be found in the plain and common meaning of the words and terms used. Martin v. Texas Dental
Plans, 948 S.W.2d 799, 803 (Tex. App.--San Antonio 1997, writ denied).

 The city charter states that "No officer or employee of the City shall be liable for damages
for any act committed in the proper discharge of his duties." In its preamble, the ordinance in
question states that "this City Council wishes to shield officials and employees from the continual
concern over possible liability for money damages and the cost of engaging legal council [sic] to
defend actions undertaken in the course of employment, where those actions and conduct do not
violate clearly established statutory or constitutional rights of which a reasonable person would
have known, and where their actions and conduct is in the furtherance of a City policy; . . ." We
therefore must determine whether Valadez's action qualifies under this order.

 The crucial section of the ordinance is II(C)(2):

II. Responsibility

* * *

C. Indemnification -- City


 (1) The city shall provide indemnification to an officer or employee found liable for
the payment of any claim or damages, EXCLUDING PUNITIVE DAMAGES.


 (2) Whether the acts were done in good faith and within the course and scope of
employment, shall be determined by the City, and such determination shall be final
for the purposes of initial representation and indemnity; if, however, representation
and indemnity have been denied by the City but upon a trial of the merits it is
determined that the individual was acting in good faith and within the scope of
employment, indemnification shall be granted and reasonable legal expenses
incurred in the defense of the claim reimbursed.


 * * *

(emphasis in original)

 The City argues that we must read the word "initial" to modify both "representation" and
"indemnity." Under this reading of the ordinance, the City can at any time, including post-judgment as in the instant case, decide it does not want to indemnify the City employee for a
money judgment levied against him.

 We disagree with this interpretation. First, the ordinance's preamble tells us that its
purpose is "to shield officials and employees from the continual concern over possible liability for
money damages and the cost of engaging legal council [sic] to defend actions undertaken in the
course of employment." (emphasis added). Clearly the City was expressing the view that its
employees should be able to act free of the worry that their job could result in a ruinous money
judgment against them. Under the reading urged here, the City would be free to desert the employee
at any point, including, as in the present case, after the employee's acts were found to be actionable.
Because we do not see how this reading would be reassuring to the City's employees, we find this
interpretation to be clearly contrary to the intent expressed in the law's preamble.

 Additionally, we do not know what "initial indemnity" might be and we are pointed to no
case which clarifies the concept. Indeed, a diligent search unveils no Texas statute or caselaw which
uses the two words in tandem. Instead, we believe the plain meaning of this passage is that "initial"
modifies only "representation" and not "indemnity." Under this reading, once the City determines
to its satisfaction that an officer was acting within the course and scope of employment, it is bound
to pay indemnity if it is unsuccessful in convincing a jury that the officer acted in good faith. This
interpretation implicitly recognizes that in order to relieve its employees of the stress and worry of
becoming liable for doing their jobs, some payouts for borderline cases will be necessary; therefore,
subject to the City's initial screening for acts obviously outside the course and scope, or flagrantly
done in bad faith, the City will indemnify. This finds support in the clause which makes it clear that
the City will not be liable for punitive damages. It also finds support in that this appears to be the
procedure the City followed -- up until the time came to pay the judgment.

 We believe the City's duty under this ordinance is analogous to an insurance company's
undertaking of a defense without a reservation of rights. When an insuror, with knowledge of
facts indicating noncoverage, assumes the defense of its insured without a reservation of rights or
nonnwaiver agreement, the insuror waives all policy defenses, or it may be estopped from raising
them. 46 Tex. Jur. 3d Insurance Contracts and Coverage 1019 (1995). Despite the urging of
the City, we find nothing unfair in our interpretation. If the City is going to direct the employee's
defense it should accept the consequences.

 We therefore find that Valadez did indeed show himself entitled to indemnity as a matter
of law. The City's first three issues are overruled.

State Law Limitation


 In its fourth issue presented the City contends that state law limits its liability to suits such
as the one in question to $100,000. Tex. Civ. Prac. & Rem. Code Ann. 102.003 (Vernon
1997). Valadez contends that he is seeking indemnity under the ordinance, not the Civil Practices
and Remedies Code, and that since there are no caps in the ordinance there is no limit on his
recovery.

 We find that by authorizing the ordinance under which Valadez seeks to recover, Chapter
102 of the Civil Practices and Remedies Code controls. The pertinent sections read:

 102.002. Payment of Certain Tort Claims


 (a) A local government may pay actual damages awarded against an employee of the local
government if the damages:

 (1) result from an act or omission of the employee in the course and scope of his
employment for the local government; and

 (2) arise from a cause of action for negligence.



 (b) The local government may also pay the court costs and attorney's fees awarded against
an employee for whom the local government may pay damages under this section.


 * * *




 102.003. Maximum Payments


 Payments under this chapter by a local government may not exceed $100,000 to any one
person or $300,000 for any single occurrence in case of personal injury or death or
$10,000 for a single occurrence of property damage.


 There is little law interpreting this section; we therefore turn to other statutes and
legislative history to clarify its meaning.

 Home-rule cities have broad discretionary powers, provided that no ordinance "shall
contain any provision inconsistent with the Constitution of the State, or of the general laws enacted
by the Legislature of this State." TEX. CONST. art. XI, 5. Home-rule cities possess the full
power of self government and look to the Legislature not for grants of power, but only for
limitations on their power. Dallas Merchants' and Concessionaire's Ass'n v. City of Dallas, 852
S.W.2d 489, 490-491 (Tex. 1993) (citing MJR's Fare of Dallas v. City of Dallas, 792 S.W.2d
569, 573 (Tex. App.--Dallas 1990, writ denied).

 We find that the Legislature meant to set limits on a city's liability by the provisions of
102.003. We find this for several reasons.

 At common law, municipalities performing government functions were completely immune
from liability. Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995). The original version of
102.003 was first passed in 1979. Act of May 28, 1979, 66th Leg., R.S., ch. 734, 1979 Tex.
Gen. Laws 1830 (originally codified at Tex. Rev. Civ. Stat. Ann. art. 6252-19b), codified by
Act of May 17, 1985, 69th Leg., R.S., ch. 959, 1985 Tex. Gen. Laws 3242 (enacting Civil
Practices and Remedies Code). The accompanying bill analysis notes that the bill is intended to
echo the provisions of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann.
101.001-.109 (Vernon 1997), which had passed four years earlier and which set limits for liability
for agencies of the state:

 House Bill 1134 . . . creates new law that is similar to [the Tort Claims Act], to
provide that any political subdivision of the State shall pay actual damages, court
costs, and attorney's fees adjudged against an officer or employee, currently or
formerly employed by that subdivision, for an act or omission by the employee or
officer during the course of his job, except for gross negligence or wilful or
wrongful act. Sets limits for liability. Provides that the political subdivision must
provide legal counsel to represent such defendant, and other matters pertaining to
defense of action. Declares an emergency.

See House Committee on Intergovernmental Affairs, Bill Analysis, Tex. House Bill 1134, 66th
Leg., R.S. (1979) (emphasis added).

 Similarly, the Senate committee substitute analysis explained that "[l]iability of the
subdivision is limited to $100,000 to a single person and $300,000 for single occurrence in these
cases of personal injury or death and to $10,000 for damage to property." Senate Committee
on Intergovernmental Relations, Bill Analysis, Tex. Senate, Committee Substitute for
House Bill 1134, 66th Leg., R.S. (1979).

 Buttressing our conclusion that the amounts in 102.003 are caps on the authority of local
governments to pay out damages is a provision found in Tex. Loc. Gov't Code Ann. 142.007
(Vernon 1999). This provision limits the insurance coverage which the largest Texas
municipalities may purchase to protect "officers and employees of its fire and police departments
against liability to third persons" for accidents arising out of their operation of the city's motor
vehicles. The provision limits this protection to the caps found in Tex. Civ. Prac. & Rem. Code
Ann. 102.003:

 (d) The municipality may not purchase liability insurance in excess of $100,000
because of bodily injury or death to one person in any one accident, $300,000
because of bodily injury to or death of two or more persons in any one accident,
and $10,000 because of injury to or destruction of property of others in any one
accident.

Tex. Loc. Gov't Code Ann. 142.007(d) (Vernon 1988).

 We therefore find that the Legislature intended both to permit the City of San Antonio to
protect employees through an indemnification mechanism, and to limit recovery under that
mechanism to $100,000, exclusive of post-judgment interest. Cf. Canutillo Ind. School Dist. v.
Olivares, 917 S.W.2d 494, 501 (Tex. App.--El Paso 1996, no writ) (post-judgment interest not
limited by Tort Claims Act limits because it is a method of enforcement, not an element of
damages). Because the trial court in the original cause did not award attorney's fees, we find that
the City is liable only for the $100,000 maximum placed on its liability by state law. The City's
fourth issue is sustained.

Conclusion


 Valadez showed himself entitled to indemnity under the City's ordinance as a matter of law.
However, we find the City's liability to Valadez as to actual damages is limited to $100,000 by
applicable state law. In addition, the City is liable for all post-judgment interest. The judgment of
the trial court is therefore reformed to reflect this change and is otherwise affirmed.


 Tom Rickhoff, Justice 

Do Not Publish