NO. 07-00-0203-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 20, 2001



______________________________




DAVID MICHAEL GRISWOLD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY CRIMINAL COURT AT LAW NO. 15 OF HARRIS COUNTY;



NO. 9939029; HONORABLE JEAN HUGHES, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ. 

ON MOTION FOR REHEARING

 In its motion for rehearing, the State contends that we erred in relying on the court's
decision in Pedraza v. State, 34 S.W.3d 697 (Tex.App.-Houston [14th Dist.] 2000, no pet.)
with regard to the definition of a "manager" of a sexually oriented business regulated by
City of Houston Ordinance No. 97-75 (the Ordinance), in holding the evidence was
insufficient to show appellant was within the purview of that definition. Specifically, the
State contends our reliance was improper because Pedraza only addressed the question
of whether the appellant was an "operator" as defined in the Ordinance, and has no
bearing on the question before us, that is, whether this appellant was acting as a
"manager" of the business, as that term is defined in the statute.

 In pursuance of its motion, the State references several definitions contained within
the Ordinance. Section 28-251 of the Ordinance defines a "manager" as:

 [a]ny person who supervises, directs or manages any employee of an
enterprise or any other person who conducts any business in an enterprise
with respect to any activity conducted on the premises of the enterprise,
including any 'on-site manager.'


Houston Tex. Code of Ordinances, ch. 28, art. VIII, § 28-251 (1997). The State relates the
definition of "manager" to the following provision:

 Conduct any business in an enterprise. Any person who does any one (1)
or more of the following shall be deemed to be conducting business in an
enterprise:


 (1) Operates a cash register, cash drawer or other depository on the
premises of the enterprise where cash funds or records of credit card or
other credit transactions generated in any manner by the operation of the
enterprise or the activities of the premises of the enterprise;


 (2) Displays or takes orders from any customer for any merchandise, goods,
entertainment or other services offered on the premises of the enterprise;


 (3) Delivers or provides to any customer any merchandise, goods,
entertainment or other services offered on the premises of the enterprise;


 (4) Acts as a door attendant to regulate entry of customers or other persons
into the premises of the enterprise; or 


 (5) Supervises or manages other persons in the performance of any of the
foregoing activities on the premises of the enterprise.


Houston Tex. Code of Ordinances, ch. 28, art. VIII, § 28-251 (1997).

 Because the rules governing the construction of statutes also apply to the
construction of city ordinances, we will apply those standards in analyzing this Ordinance. 
See Rosenblatt v. City of Houston, 31 S.W.3d 399 (Tex.App.-Corpus Christi 2000, pet.
denied), cert. denied, ___ U.S. ___, 121 S.Ct. 2218, 150 L.Ed.2d 211 (2001), and Wende
v. The Board of Adjustment of the City of San Antonio, 27 S.W.3d 162 (Tex.App.--San
Antonio 2000, pet. granted) (citing Mills v. Brown, 159 Tex. 110, 114, 316 S.W.2d 720, 723
(1958)). Section 311.011(a) of the Code Construction Act (1) provides that words and
phrases should be read in context and construed in accordance with the rules of grammar
and common usage. Nichols v. Lincoln Trust Company, 8 S.W.3d 346, 349 (Tex.App.--Amarillo 1999, no pet.). The first rule of statutory construction is to determine the intent
of the enacting body and then give effect to that intent. Sorokolit v. Rhodes, 889 S.W.2d
239, 241 (Tex. 1994).

 In essence, the State claims that a "manager" is a "person who conducts any
business in an enterprise with respect to any activity conducted on the premises of the
enterprise." The State then concludes that because the Ordinance provides, inter alia, 
that a person who operates a cash register "shall be deemed to be conducting business
in an enterprise," appellant falls within the definition of "manager." However, if this
concept is correct, and anyone who operates a cash register or provides any service for
a customer is a "manager," there would be no need for the Ordinance to contain a
definition of an "employee," which is separately defined. Simply put, under the State's
theory, every person who operates a cash register or provides any service for a customer
is a "manager."

 Black's Law Dictionary, Sixth Edition (1990), provides that "[t]he designation of
'manager' implies general power and permits reasonable inferences that the employee so
designated is invested with the general conduct and control of his employer's business."
Id. at 960. Specifically, the Ordinance provides that a "manager" is "[a]ny person who
supervises, directs or manages any employee of an enterprise or any other person who
conducts any business in an enterprise . . ." (emphasis added). Considering the common
meaning of "manager" as well as the definition used in the Ordinance, the reasonable
construction of the term refers to a person "who supervises, directs, or manages" any
employee of the enterprise, or any other person who conducts any business or activity on
the premises of the enterprise. This construction gives effect to the entire context of the
relevant provisions of the Ordinance.

 We also find support for our construction of the Ordinance's definition of "manager"
in the reasoning applied in Pedraza. In that case, the court held that employee Pedraza
was not an operator. Pedraza, 34 S.W.3d at 700. In the Ordinance, "operator" is defined
as the "manager or other natural person principally in charge of an enterprise." Thus, if
a person fit within the Ordinance's definition of "manager," he would also, by definition, be
an "operator." It is noteworthy that en route to its conclusion, the Pedraza court reasoned
that, "[r]eading the definition of operator within the context of all the relevant provisions,
it is clear that the City intended 'operator' to mean more than a clerk or an employee who
simply 'minds the store.'" Id. at 699-700.

 For the reasons we have expressed in some detail, we remain convinced that our
original disposition of this appeal was correct and overrule the State's motion for
rehearing.


 John T. Boyd

 Chief Justice


Do not publish.


 
1. The Code Construction Act is contained within sections 311.001 et seq. of the
Texas Government Code (Vernon 1998). 



"false" Name="Medium List 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00107-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
12, 2011

 



 

RODNEY W. ABLES, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2010-428,047; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Rodney W. Ables plead guilty to a charge of manufacturing
methamphetamine with intent to deliver in an amount more than four grams but
less than two hundred grams.[1]  According to a plea bargain agreement,
appellant was sentenced to ten years confinement in prison.[2]  Sentence was imposed on March 3, 2011, and
appellants conviction and sentence were memorialized in a written judgment
signed the same date.  Appellant filed a
motion for new trial and notice of appeal on March 7, 2011.  By order of March 31, 2011, the trial court
granted appellants motion for new trial. 
On May 9, we received a clerks record containing nothing more than the
order granting appellants motion for new trial.

If the trial court grants
a new trial, it restores the case to its position before the former trial.  Tex. R. App. P. 21.9(b).  The trial courts March 31 order granting
appellants motion for new trial returned the case to a position where there
was no finding of guilt and the judgment of conviction was no longer in place.  

Because there
is no longer an adjudicated issue for appellate review before us, we have no
jurisdiction over the case except to dismiss the appeal. See Waller v. State, 931 S.W.2d 640,
643-44 (Tex.App.--Dallas 1996, no pet.).[3]

Consequently,
the appeal is dismissed for want of jurisdiction.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.











[1] See Tex.
Health & Safety Code Ann. § 481.112(d) (West 2010).  Methamphetamine is a Penalty Group 1
controlled substance.  Tex.
Health & Safety Code Ann. § 481.102(6) (West 2010).  

 





[2] The trial courts certification of right of appeal
states the case is a plea-bargain case, but matters were raised by written
motion filed and ruled on before trial and not withdrawn or waived, and the
Defendant has the right of appeal.





[3] The trial court clerk has made us aware that on April
21, 2011, the trial court entered a second judgment on appellants plea of
guilty to the offense adjudged by the March 3 judgment.  Pursuant to a plea-bargain agreement, a sentence
of ten years confinement in prison was imposed on April 21.  Appellants March 7 notice of appeal cannot
function as a premature notice of appeal of the April 21 judgment because a
notice of appeal filed before the trial court makes a finding of guilt or
receives a jury verdict is not effective. 
Tex. R. App. P. 27.1.