# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 09-20006

Thomas Chavers; Sandra Portzer; All American Roadrunners LP; Brazos
Valley Roadrunners LP; Brazos Valley Carriage Company LP

Plaintiffs - Appellants

v.

Tyrone Morrow; City of Bryan Texas; City of College Station Texas; Brazos
County, TX; Michael Ikner

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 08-CV-3286

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This interlocutory appeal, pursuant to 28 U.S.C. § 1292(a), contests the denial of a preliminary injunction. Tow-truck companies and their owners seek defendants being required to keep the companies on nonconsent tow-rotation lists while this action is pending. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Plaintiffs Sandra Portzer and Thomas Chavers own plaintiff tow-truck companies (the businesses). The businesses were removed from tow-rotation lists maintained by the police departments of defendant cities of Bryan and College Station, Texas, and used by police and other law enforcement agencies to delegate nonconsent tows. Defendant Brazos County uses Bryan's list. (When this action was filed, Defendants Tyrone Morrow and Michael Ikner were the police chiefs of Bryan and College Station, respectively. The parties agree that Morrow is no longer the police chief of Bryan; it appears the same is true for Ikner for College Station.)

Materially identical city ordinances authorize the rotation lists. These ordinances provide, in relevant part:

TOW ROTATION LIST

(1) Qualifications

The [Bryan / College Station] Police Department shall establish and maintain a tow rotation list. Each tow company is qualified to be on such list if it maintains a twenty-four (24) hour tow service; has one (1) telephone number which is answered twenty-four (24) hours a day, seven (7) days a week; and [meets ADA-related criteria]. To be eligible to be placed on the tow rotation list, a tow company shall certify in writing that [the vehicle storage facility it uses] meets or exceeds the criteria set forth on an ADA accessibility form, a copy of which will be provided by the City at the time the tow company applies for inclusion on the tow rotation list.

* * *

I. ADMINISTRATIVE PENALTIES FOR VIOLATIONS

In addition to the criminal penalties imposed for violations of state law or this ordinance, any tow company on the tow rotation list that violates this ordinance or state law may be subject to sanctions by the Chief of Police, depending upon the nature of the infraction,

number of infractions, and other circumstances. The sanctions shall range from written notification of violation with warning to, and including, *removal* from the tow rotation list.

BRYAN, TEX., CODE §§ 126-158, 126-164 (emphasis added); COLLEGE STATION, TEX., CODE ch. 4, § 10(C)(1), (I); *see also* TEX. OCC. CODE ANN. §§ 2308.201–2308.208 (authorizing municipalities to promulgate this type of regulation).

In October and November 2008, plaintiffs received suspension letters from Chiefs Morrow and Ikner, noting plaintiffs' removal from the cities' tow-rotation lists. These letters cited "numerous complaints" of criminal activity allegedly committed by persons involved with the businesses and cited the safety of citizens as a paramount concern. As a result of removal from the lists, plaintiffs are no longer eligible to perform nonconsent tows in the relevant jurisdictions. Such tows allegedly provided half of the businesses' income. (Removal did not preclude them from engaging in private tows and other private business.)

Plaintiffs filed this action, claiming defendants are liable: through § 1983, for violation of their due-process, equal-protection, and First Amendment rights; for racketeering, pursuant to 18 U.S.C. § 1964; and for state-law claims for libel, business disparagement, civil conspiracy, and abuse of process. In the complaint, plaintiffs requested, *inter alia*, a preliminary injunction, requiring defendants to keep the businesses on the tow-rotation lists while this action is pending.

Plaintiffs moved for a temporary restraining order (TRO) and for a preliminary injunction. After a telephonic hearing, the district court denied the TRO. (Plaintiffs filed a renewed TRO motion.)

Shortly thereafter, the district court held a hearing on the preliminary-injunction motion. The court limited the hearing, however, to whether the businesses had a property interest in remaining on the towing list. A

preliminary injunction was denied, on the grounds that, based on evidence developed to that point in time, plaintiffs are unlikely to show they have such an interest. A motion for reconsideration was denied.

## II.

Under the well-established standard for a preliminary injunction's being granted, such relief

> is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.

*Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008) (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)).

For the denial of a preliminary injunction, the district court's factual findings are reviewed for clear error; its legal conclusions, *de novo*. *E.g.*, *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 463 (5th Cir. 2003) (citing *Kern River Gas Transmission Co. v. Coastal Corp.*, 899 F.2d 1458, 1462 (5th Cir. 1990)). The district court's ultimate decision is reviewed for abuse of discretion, *id.*; and, only under "'extraordinary circumstances' will we reverse the denial of a preliminary injunction", *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). Of course, neither denial of a preliminary injunction, nor our review of that denial, is determinative of an action's merits. *See Ridgely*, 512 F.3d at 735 ("We agree that *at this time* plaintiffs have not made this required showing. Standing alone, the statute and regulations . . . are not sufficient to create a property interest. The possibility remains that plaintiffs can establish a property interest . . . ." (emphasis added)).

As noted, in denying a preliminary injunction, the district court reached only the first prong of the preliminary-injunction analysis: likelihood of success on the merits. And, in that regard, the court ruled only on whether plaintiffs have a property interest in remaining on the tow lists and held one did not exist. Accordingly, our review turns on that issue.

Plaintiffs contend the ordinances: create a legitimate claim of entitlement in remaining on the lists; and afford the police no discretion in administering them. For the following reasons, and based on the record for this interlocutory appeal from the denial of a preliminary injunction, although the ordinances do provide a tow-rotation scheme that could give rise to a property interest, *see Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995), they do *not* contain the mandatory language required to create such an interest, *see Ridgely*, 512 F.3d 727.

*Blackburn* considered whether a towing company had a property interest in remaining on a tow-rotation list. The list at issue in *Blackburn* was operated by a private association of tow companies, and government officials did *not* "play any role in the Association's selection of the on-call wrecker". 42 F.3d at 930. *Blackburn* surveyed a number of cases that considered whether there were property interests in remaining on tow-rotation lists, and concluded: "Where a court has found a property interest on a rotation list, the plaintiff has alleged a claim of entitlement supported or created by a formal and settled source such as a state statute or regulatory scheme". *Id.* at 938. *Blackburn* held plaintiffs had no property interest in remaining on the list because there was "no Texas or local statute, ordinance, or regulatory scheme governing the wrecker list". *Id.* at 941. Our court noted that, rather than a "constitutionally protected claim of entitlement to remain on the rotation list", they had "merely alleged a unilateral expectation of receiving government referrals". *Id.* at 937.

Unlike in *Blackburn*, of course, ordinances do govern the tow-rotation lists at issue here. Therefore, this action falls into the category of tow-rotation schemes under which plaintiffs *may* have a property interest. As a result, at issue is whether, for purposes of obtaining a preliminary injunction, the ordinances' language confers that interest.

"To determine whether statutes or regulations create a protected property interest, we must ask whether they place 'substantive limitations on official discretion.'" *Ridgely*, 512 F.3d at 735 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). "In determining whether statutes and regulations limit official discretion, the Supreme Court has explained that we are to look for 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome *must* follow." *Id.* at 735–36 (emphasis added) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989)).

The ordinances do employ mandatory language in stating the police departments "*shall* establish and maintain . . . tow-rotation list[s]". BRYAN, TEX., CODE § 126-158 (emphasis added); COLLEGE STATION, TEX., CODE ch. 4, § 10(C)(1). There is no such mandatory language, however, specifying which tow companies are eligible to be, or remain, on the list. For example, the ordinance states: "[e]ach tow company is *qualified to be on such list* if . . ."; and, "[t]o be *eligible to be placed* on the tow rotation list . . . ." *Id.* (emphasis added). This is *not* mandatory language, and does *not* explicitly require the police departments, which are charged with maintaining the lists, to place, or keep, on the list any and all companies that meet the ordinances' criteria.

Moreover, the ordinances include a section providing "administrative penalties for violations", warning that "any tow company on the . . . list that violates this ordinance or state law may be subject to sanctions by the Chief of Police, . . . from written notification of violation with warning to, and including,

6

removal from the tow rotation list". BRYAN, TEX., CODE § 126-164; COLLEGE STATION, TEX., CODE ch. 4, § 10(I). This provision does not explicitly state whether it provides the exclusive means for removing a tow company from the list, and it contains no "explicitly mandatory language" limiting the police departments' discretion to "maintain" the tow-rotation lists. *See Ridgely*, 512 F.3d at 735–36.

In sum, for our interlocutory review of the denial of a preliminary injunction, the ordinances do *not* limit discretion sufficiently to confer a property interest in remaining on the tow-rotation list; the ordinances do *not* contain the requisite mandatory language. This is especially true in the light of our policy of construing ambiguities in defendants' favor where a purported property interest is not "unequivocally granted in clear and explicit terms". *Batterton v. Tex. Gen. Land Office*, 783 F.2d 1220, 1223 (5th Cir. 1986) (holding, in deciding whether Texas law confers a property interest, that purported "legislative grants of property, rights, or privileges must be construed in favor of the state . . . and whatever is not unequivocally granted in clear and explicit terms is withheld" (quoting *Texas v. Standard*, 414 S.W. 2d 148, 153 (Tex. 1967))); *see also Mills v. Brown*, 316 S.W. 2d 720, 723 (Tex. 1958) ("The same rules apply to the construction of municipal ordinances as to the construction of statutes.").

At present, plaintiffs present only an "assumption of a right to . . . government business". *See Blackburn*, 42 F.3d at 941. The Constitution does *not* protect such an interest, especially where plaintiffs, as here, remain free to engage in private business. *See id.* Therefore, the district court did not abuse its considerable discretion in denying a preliminary injunction. *See Anderson*, 556 F.3d at 355–56 (noting that "extraordinary circumstances" are required to reverse a preliminary injunction). The possibility remains, of course, that further proceedings may demonstrate a property interest. *See Ridgely*, 512 F.3d at 735.

## III.

For the foregoing reasons, the denial of a preliminary injunction is AFFIRMED.