

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00047-CV

PAK-A-SAK, INC., APPELLANT

V.

CITY OF PERRYTON, APPELLEE

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. CV-13743, Honorable William D. Smith, Presiding

November 6, 2014

## OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This is an appeal from an order denying an application for a license to sell alcoholic beverages at a Pak-a-Sak convenience store location in the City of Perryton (the City). The denial was premised on a municipal ordinance which prohibits the sale of alcohol within a "residential area" of the City. Pak-a-Sak contends that 1) the ordinance unconstitutionally grants authority to the City in excess of that granted by the legislature under the Texas Alcoholic Beverages Code, 2) the ordinance is

unconstitutionally vague and ambiguous, and 3) there is no substantial evidence to support a finding that Pak-a-Sak's location is in a residential area. We affirm.

On April 16, 2013, the City enacted Ordinance 1000-13 which states: "It shall be unlawful for any person to sell, dispense or deliver, or cause to be sold, dispensed or delivered, any beer, liquor, or any other intoxicating beverage within a residential area in the city."[1] The ordinance was enacted under the authority of § 109.32 of the Texas Alcoholic Beverage Code which provides that an incorporated city may prohibit the sale of beer in a residential area. TEX. ALCO. BEV. CODE ANN. § 109.32 (West 2007). Neither the statute nor the ordinance define the phrase "residential area." On June 3, 2013, Pak-a-Sak submitted an Application for Wine and Beer Retailer's Off-Premises Permit (BQ license) to the City for its store at 522 SW 9th Avenue in Perryton.[2] The application was denied. That decision was appealed to the county court which upheld it. It was then appealed to the district court which did the same.

*Ultra Vires*

As previously mentioned, Pak-a-Sak initially contends that the City exceeded legislative authorization by failing to define "residential area." That is, "[b]y failing to objectively define 'residential area,' the City [allegedly] acted outside the scope of its authority." Appellant continues by arguing that the "Texas Legislature did not provide municipalities with unlimited authority to determine when its actors may prohibit the sale of alcohol . . . once a county has voted under a Local Option Election to allow the sale

---

[1] There is no zoning in Perryton.

[2] This occurred after a general election on May 11, 2013, in Ochiltree County permitting the sale of alcoholic beverages

2

of alcohol, the municipality may only limit the sale in certain circumstances . . . [which] circumstances are outlined in the Texas Alcoholic Beverages Code."

The circumstance alluded to is specified in § 109.32 and states that "[a]n incorporated city or town by charter or ordinance may . . . prohibit the sale of beer in a *residential area*." TEX. ALCO. BEV. CODE ANN. § 109.32(a)(1) (West 2007) (Emphasis added). The portion of the ordinance adopted by the City and attacked at bar reads: "[i]t shall be unlawful for any person to sell, dispense or deliver, or cause to be sold, dispensed or delivered, any beer, liquor, or any other intoxicating beverage within a *residential area* in the city." (Emphasis added). As can be seen, the limitation mentioned in the statute is identical to that specified in the ordinance. Moreover, and contrary to the insinuation of Pak-a-Sak, § 109.32 does not direct the municipality to further define the phrase "residential area." Nor did appellant cite us to authority expressly imposing such an obligation on the City. Given that the ordinance simply reiterated the limitation specified by the statute, we cannot say that the City acted outside the scope of its authority by enacting the ordinance.

*Void for Vagueness*

Next, we address Pak-a-Sak's constitutional complaint. It believes that the phrase "residential area" is ambiguous and susceptible to ad hoc interpretation and application. That purportedly being so, and because the City failed to provide guidelines explaining what it meant by or otherwise define the phrase, the provision is impermissibly vague and, therefore, unconstitutional because it violates due process.[3] We disagree.

---

[3] Pak-a-Sak does not challenge § 109.32(a)(1) of the Beverage Code as unconstitutionally vague, only the ordinance.

The same rules apply to the construction of ordinances as to the construction of statutes. *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 430 (Tex. 2002); *Mills v. Brown*, 159 Tex. 110, 316 S.W.2d 720, 723 (1958). Furthermore, we generally presume that an ordinance is valid, and the party challenging it has the burden to prove otherwise. *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d at 431; *Brookside Village v. Comeau*, 633 S.W.2d 790, 792-93 (Tex. 1982).

Next, a statute or ordinance is unconstitutionally vague if it fails to give fair notice of what conduct may be punished or it invites arbitrary and discriminatory enforcement by failing to establish guidelines. *Commission for Lawyer Discipline v. Benton*, 980 S.W.2d 425, 437 (Tex. 1998). That is, it may not be so vague and standardless as to leave a governing body free to decide, without any legally fixed guidelines, what is prohibited in each particular case. *Lindig v. City of Johnson City*, No. 03-11-00660-CV, 2012 Tex. App. LEXIS 9563, at *12 (Tex. App.—Austin November 14, 2012, no pet.) (mem. op.). If persons of common intelligence are compelled to guess at its meaning and applicability, then principles of due process will not let it stand. *Id.* at *12-13.

Yet, it should be remembered that statutes deal with "untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions." *Pennington v. Singleton*, 606 S.W.2d 682, 689 (Tex. 1980). Thus, no more than a reasonable degree of certainty can be demanded. *Id.*; *Vista Healthcare, Inc. v. Tex. Mut. Ins. Co.*, 324 S.W.3d 264, 273 (Tex. App.—Austin 2010, pet. denied). Nor do the words of a statute fall short of providing a reasonable degree of certainty because they are undefined. *Vista Healthcare, Inc. v. Tex. Mut. Ins. Co.*, 324 S.W.3d at

4

273 (stating that a "law is not unconstitutionally vague merely because it does not define words or phrases"). Nor does the existence of a dispute as to a law's meaning necessarily render the provision unconstitutionally vague. *Id.* Again, the verbiage need only provide a reasonable degree of certainty as to what is proscribed. And, the test "is relaxed" when the conduct being regulated is not normally considered constitutionally protected. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (stating that "[t]he degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment. Thus, economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow . . . ."); *accord Commission for Lawyer Discipline v. Benton*, 980 S.W.2d at 437-38 (stating that "[t]he vagueness doctrine requires different levels of clarity depending on the nature of the law in question. Courts demand less precision of statutes that impose only civil penalties than of criminal statutes because their consequences are less severe.").[4]

We also mention that this requirement for a reasonable degree of certainty can be provided through the use of ordinary terms having adequate interpretation in common usage and understanding. *Lindig v. City of Johnson City*, 2012 Tex. App. LEXIS 9563, at *13 (stating that "the reasonable-certainty requirement 'does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding'"); *Webster v. Signad, Inc.*, 682 S.W.2d 644, 647 (Tex.—App. Houston [1st Dist.] 1984, writ ref'd n.r.e). Simply put, where the statute

---

[4] Pak-a-Sak does not suggest that the opportunity to sell beer in Perryton, Texas, is of constitutional dimension.

fails to define pivotal words contained therein, reference to their common usage and understanding can supply the requisite certainty.

Also of note is that a law is not automatically vague merely because difficulty is experienced in determining whether certain marginal conduct falls within its scope. *Pennington v. Singleton*, 606 S.W.2d at 689. This is of import because in assessing whether a statute is void for vagueness when First Amendment freedoms are not implicated, we examine the matter "'in light of the facts of the case at hand.'" *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. at 495 n.7. In such circumstances, a facial challenge has merit "only if the enactment is impermissibly vague in all of its applications." *Id.* at 494-95; *accord In re Commitment of Fisher,* 164 S.W.3d 637, 654-55 (Tex. 2005) (stating that to "prevail on his facial vagueness challenge . . . [one] bears the heavy burden of showing that the Act is unconstitutional in every possible application"). A complainant who engages in some conduct that is clearly proscribed "cannot complain of the vagueness of the law as applied to the conduct of others." *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. at 495. "A court should therefore examine the complainant's conduct before analyzing the other hypothetical applications of the law." *Id.*

Here, the trial court determined that the term "residential area" had a "definite meaning that is objectively determinable in its application." Indeed, this conclusion appears supported by various definitions of the term proffered by the City's witnesses. For instance, the mayor testified it is a "geographic area of houses in which people live" or a "geographic area consisting primarily of homes where people live." A city council member testified that a residential area is "anywhere there was a grouping of houses" or

6

a "geographic area primarily occupied by houses." The city manager defined it as an "area where people reside" or an area that "primarily consists of houses" regardless of use. Common in each is the notion that the area must generally consist of abodes wherein people live.

To the foregoing, we add that the common meaning of the term "residential" describes a location at which people live. Indeed, it has been defined as a location "containing mostly homes instead of stores [or] businesses," "used as a place to live," or "of or relating to the places where people live." *See* MERRIAM-WEBSTER DICTIONARY, http://merriam-webster.com (last visited Nov. 6, 2014). In turn, "area" describes, in common parlance, "a part or section within a larger place." *Id.* When those definitions are combined in the context of the statute and ordinance at issue, it is quite reasonable to construe the phrase "residential area" to encompass, at the very least, a section of the city wherein people primarily maintain homes and live. Stated differently, it is reasonably certain that what constitutes a "residential area" includes a neighborhood wherein people primarily live and maintain homes. Admittedly, the margins of the phrase may be difficult to determine. Whether they would encompass an industrial region wherein one or two people maintain a house is subject to reasonable debate. But, again, we are to analyze the attack "'in light of the facts of the case at hand.'" And, the "facts at hand" do not depict such an area.

Instead, the record shows that the Pak-a-Sak store in question is surrounded by houses and people living in them. One need only look at the pictures of the location and its neighbors to see that. While some businesses (e.g., a beauty parlor, a dog grooming business, and an auto mechanic shop) may be operated within various of

7

those homes, people still primarily live within the neighboring environs of that Pak-a-Sak.[5]  Given this, we have before us a circumstance encompassed by a reasonable interpretation of what constitutes a "residential area."  Selling beer from the Pak-a-Sak here would be conduct clearly proscribed by the ordinance; it would be conduct clearly within the common meaning of "residential area," that is, a section of the City wherein people primarily maintain homes and live.  So, we cannot say that the ordinance has been shown to be vague in all of its applications as required, and we overrule the issue before us given the particular circumstances at bar.

*Substantial Evidence*

Finally, Pak-a-Sak argues that "the City was required to establish by substantial evidence that the location in question met the requirements of the regulation it intended to enforce" and that it "did not meet their burden of admitting substantial evidence of Pak-a-Sak's location being within a 'residential area.'"  We overrule this issue as well.

A decision has the support of substantial evidence when the evidence of record, viewed as a whole, is such that reasonable minds could have reached the same conclusion.  *Texas Alcoholic Beverage Comm'n v. Sierra,* 784 S.W.2d 359, 360 (Tex. 1990); *Melmat, Inc. v. Texas Alcoholic Beverage Comm'n*, 362 S.W.3d 211, 214 (Tex. App.—Dallas 2012, no pet.); *accord Texas Alcoholic Beverage Comm'n v. I Gotcha, Inc.*, No. 07-05-0411-CV, 2006 Tex. App. LEXIS 6733, at *6-7 (Tex. App.—Amarillo July 28, 2006, pet. denied) (mem. op.) (stating that substantial evidence exists if the evidence is such that reasonable minds could have reached the same conclusion). And, the quantum of evidence need only be more than a scintilla. *Texas Alcoholic Beverage Comm'n v. I Gotcha, Inc.*,  2006 Tex. App. LEXIS 6733, at *6.

---

[5] At least one witness also described the neighborhood as primarily occupied by houses.

As we observed in our discussion of the issue immediately preceding this one, the record contains more than a scintilla of evidence illustrating that Pak-a-Sak was located in a "residential area."  Consequently, the decision by the City of Perryton to deny the permit has the support of substantial evidence.

Having rejected each issue proffered by Pak-a-Sak, we affirm the order of the trial court.

Brian Quinn
Chief Justice