SEAWALL EAST TOWNHOMES ASSOCIATION, INC. and Dennis Michael Bishop, Appellants,

v.

CITY OF GALVESTON, Texas and City of Galvestion Zoning Board of Adjustment, Appellees.

No. C14–93–00912–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 1994.

J. Michael Fieglein, Galveston, for appellants.

Barbara Elliott, Galveston, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Seawall East Townhomes Association, Inc. ("Seawall East") and Dennis Michael Bishop ("Bishop") appeal from a summary judgment granted in favor of the City of Galveston ("City") and Zoning Board of Adjustment ("Board"). Appellants' bring one point of error claiming the trial court erred in granting the City of Galveston Zoning Board of Adjustment's Motion for Summary Judgment holding that a go-cart track was a permitted use within the RES–RESORT Zoning District of the City of Galveston. We affirm.

Appellants are the owners of a townhome complex on Seawall Boulevard in the City of Galveston, Texas. They are adjacent to property at Stewart Beach owned by the City and upon which the go-cart track is proposed to be built and operated.

The parties agree that there are no disputed facts and the case is merely one of statutory construction. The same rules apply to the construction of municipal ordinances that apply to the construction of statutes. *Mills v. Brown*, 159 Tex. 110, 316 S.W.2d 720, 723 (1958). This Court is bound to look to the intent of the city council in construing an ordinance and to effectuate that intent. *Bolton v. Sparks*, 362 S.W.2d 946, 951 (Tex.1962); *Chemical Bank v. Commercial Industries Service Co, Inc.*, 662 S.W.2d 802, 804 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). In interpreting an ordinance or statute, this court gives words their ordinary meaning. *Geters v. Eagle Ins. Co.*, 834 S.W.2d 49, 50 (Tex.1992). When the words in an ordinance or statute are clear, the ordinance must be given its literal interpretation. *State v. Lima*, 825 S.W.2d 733, 734 (Tex.App.—Houston [14th Dist.] 1992, no writ).

The property upon which the go-cart track is to be operated is located in an area zoned RES–RESORT under the Zoning Standards. Permitted uses in a RES–RESORT zone include those uses that fall within

the definition of AMUSEMENT, COMMER-CIAL (OUTDOOR) contained in Appendix J, RES–RESORT, Zoning Standards of the City of Galveston. Appendix J lists permitted uses, including those requiring a "specific use" permit, for property zoned RES–RESORT. A go-cart track is not specifically listed as either a permitted use or a use allowed after obtaining a specific use permit.

The definition of AMUSEMENT, COMMERCIAL (OUTDOOR) was adopted by the City of Galveston on June 13, 1991, as Section 3 of Ordinance No. 91–50. That ordinance defined AMUSEMENT, COMMERCIAL (OUTDOOR) as:

> Any amusement enterprise offering entertainment or games of skill to the general public for a fee or charge wherein any portion of the activity takes place in the open, *including, but not limited to,* a golf driving range, amusement park, archery range, miniature golf course, bungy jumping, para sailing and *other specialty recreational activities not cited by the Zoning Standards* (emphasis ours).

Appellants argue that a go-cart track is a use that is specifically cited in the Zoning Standards. It is a use which requires a specific use permit under Appendix K, REC–RECREATION. Thus, a go-cart track may be constructed and operated on land zoned REC–RECREATION if, and only if, a specific use permit is obtained. Appellants hypothesize that because a go-cart track is specifically "cited by the Zoning Standards" it is a use that is not within the definition of AMUSEMENT, COMMERCIAL (OUTDOOR) as that term is defined by the ordinance amending the Zoning Standards. As such, appellants contend, it is a use which requires either a specific use permit or a variance.

This argument necessarily relies upon construing the last line of the definition of AMUSEMENT, COMMERCIAL (OUTDOOR) in a manner that restricts the laundry list of permissible uses. However, we do not find this language to be restrictive. By removing the laundry list between relevant phrases, the definition reads, "including, but not limited to, . . ., other specialty recreational activities not cited by the Zoning Code."

■ The definition of "cite" in Webster's is, "to quote by way of example, authority, or proof," and, "to refer to." Webster's New Collegiate Dictionary, (G & C Merriam Co. 1981), 201. Thus, the definition actually reads, "including, but not limited to, . . ., other specialty recreational activities not [quoted by way of example] in the Zoning Code." Moreover, even without semantic gymnastics, the plain meaning of the language gives no indication that the drafters intended to restrict outdoor amusement activities to all those not listed elsewhere in the Zoning Standards. An ordinance or statute should be given a reasonable interpretation to avoid injustice or absurd consequences. *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 921 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The language "not cited by the Zoning Code" appears to be nothing more than a continuation of the previous phrase, "including, but not limited to," and is intended to indicate that such uses are not limited to those enumerated in the definition or elsewhere in the Zoning Standards.

■ This conclusion is further supported by the record. Testimony by Harold Holmes, Director of the City of Galveston Planning and Transportation Department, at the public hearing held before the Zoning Board indicates that the staff relied upon the Standards of Industrial Classifications Manual (1987) to conclude that go-carts were a general amusement. That manual includes go-carts in Major Group No. 79, "Amusement and Recreational Services," Sub–Group "Miscellaneous Amusement and Recreational Services." A basic rule of statutory construction is that the construction placed upon a statute by the agency charged with its enforcement is entitled to great weight. *City of Houston v. Harris County Outdoor Advertising Ass'n,* 732 S.W.2d 42, 54 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Southwest Airlines Co. v. Bullock,* 784 S.W.2d 563, 568 (Tex.App.—Austin 1990, no writ).

We hold that a go-cart track is a permitted use within a RES–RESORT zone under the Zoning Standards of the City of Galveston, Texas. Because the movant for summary judgment has the burden of showing that

there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985), and the City of Galveston carried that burden before the trial court, we overrule appellant's single point of error. We affirm the judgment.