Mavex Shops of Corinth, L.P.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-274-CV

MAVEX SHOPS OF CORINTH, L.P. APPELLANT

V.

THE CITY OF CORINTH APPELLEE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Mavex Shops of Corinth, L.P. (“Mavex”) appeals from the trial court’s order granting summary judgment to appellee the City of Corinth (“Corinth”).  We affirm.

Mavex is a limited partnership that owned and developed property within the city limits of Corinth.  Mavex developed its commercial property adjacent to the Kensington Square Apartments, a multi-family residential development. Pursuant to Corinth’s ordinance no. 99-05-06-15, the city’s inspector informed Mavex that a final inspection could not be performed on its property until Mavex erected, among other things, a masonry screening fence between its property and the apartments.  The ordinance states in relevant part:

Screening Fences - Specific Requirements

Collector streets, thoroughfare streets, Commercial use, Light Industrial and Multi-Family abutting residential use shall be Masonry (six feet).  Simulated wood or wrought iron that meets swimming pool requirements of the City of Corinth, Texas, may be used subject to approval of the Planning and Zoning Commission. 

Although Mavex was aware of the ordinance’s requirements and initially agreed to erect a fence, it later filed suit seeking a judicial declaration that the ordinance’s requirements did not apply to its property.  Both Mavex and Corinth filed motions for summary judgment on the ordinance issue.  The trial court denied Mavex’s motion and granted Corinth’s motion.  Mavex appeals from the trial court’s order granting summary judgment to Corinth. 

In one issue, Mavex argues that the trial court erred in ruling that the ordinance requires construction of a masonry screening wall between Mavex’s commercial property and the adjacent multi-family property.  Mavex contends that “residential use” in this ordinance applies only to single-family residences and not multi-family residences.  Mavex has failed, however, to adequately brief its argument on appeal because it has not cited any record references. 
 See
 
Tex. R. App. P.
 38.1(h); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284-85 (Tex. 1994).  But in the interests of justice, we will address whether the trial court erred in granting Corinth summary judgment.  

The same rules apply to the construction of municipal ordinances that apply to the construction of statutes.  
Mills v. Brown
, 159 Tex. 110, 316 S.W.2d 720, 723 (1958);
 Seawall East Townhomes Ass’n v. City of Galveston
, 879 S.W.2d 363, 364 (Tex. App.—Houston [14
th
 Dist.] 1994, no writ).  The proper construction of an ordinance is a question of law.
  Johnson v. City of Fort Worth
, 774 S.W.2d 653, 656 (Tex. 1989).  
When the words in an ordinance are clear, they must be given their literal interpretation. 
 Seawall East Townhomes
, 879 S.W.2d at 364
.  When an ordinance does not define a term, the court should apply its ordinary meaning.
  Monsanto Co. v. Cornerstones Mun. Util. Dist.
, 865 S.W.2d 937, 939 (Tex. 1993).  The courts should also give serious consideration to the “[c]ontemporaneous construction of an ordinance by the agency charged with its enforcement . . . so long as the construction is reasonable and does not contradict the plain language of the ordinance.”  
SWZ, Inc. v. Bd. of Adjustment
, 985 S.W.2d 268, 270 (Tex. App.—Fort Worth 1999, pet. denied);
 see also
 
Sorokolit v. Rhodes
, 889 S.W.2d 239, 241 (Tex. 1994); 
Seawall East Townhomes
, 879 S.W.2d at 364.

Because the screening fence ordinance does not define “residential use,” we will apply its ordinary meaning.  Webster’s Dictionary defines a “residence” as “the place where one actually lives or has his home as distinguished from his technical domicile.”  
Webster’s Third New Int’l Dictionary
 1931 (1981).  It also defines “residential” as “used, serving, or designed as a residence or for occupation by 
residents.
”  
Id.  
(emphasis added).
 
 Furthermore, the plain and ordinary meaning of “residential use” would include all forms of residences, including multi-family residences.  

There is no evidence in the record that Corinth intended a different meaning of “residential” in the ordinance at issue other than the plain and ordinary meaning.  As a matter of fact, in another ordinance Corinth defined “residential” to include multi-family residences.  Corinth’s zoning ordinance, which defines and classifies uses within the city, defines “residential district” to include both single family and multi-family residences.  
See Monsanto
, 865 S.W.2d at 940 (reviewing how “state” has been defined in other statutes).  Because Corinth’s interpretation is reasonable and does not contradict the plain meaning of the ordinance, we hold the trial court did not err in granting Corinth’s motion for summary judgment.  
See Tarrant Appraisal Dist. v. Moore
, 845 S.W.2d 820, 823 (Tex. 1993).  We overrule Mavex’s sole issue. 

Pursuant to rule 45, Corinth in its brief requests that we grant it attorney’s fees, arguing that Mavex’s appeal is frivolous.  
Tex. R. App. P.
 45.  We decline to do so.

We affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL A:  DAY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: June 12, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.