COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-274-CV
 
MAVEX SHOPS OF CORINTH, L.P.                                                        APPELLANT
V.
THE CITY OF CORINTH                                                              
        
APPELLEE
------------
FROM THE 362
ND DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM
OPINION(1)
------------
       Appellant
Mavex Shops of Corinth, L.P. ("Mavex") appeals from the trial court's
order granting summary judgment to appellee the City of Corinth
("Corinth"). We affirm.
       Mavex
is a limited partnership that owned and developed property within the city
limits of Corinth. Mavex developed its commercial property adjacent to the
Kensington Square Apartments, a multi-family residential development. Pursuant
to Corinth's ordinance no. 99-05-06-15, the city's inspector informed Mavex that
a final inspection could not be performed on its property until Mavex erected,
among other things, a masonry screening fence between its property and the
apartments. The ordinance states in relevant part:

         Screening Fences - Specific
 Requirements
 
 
 Collector streets, thoroughfare streets, Commercial use, Light
 Industrial and Multi-Family abutting residential use shall be Masonry
 (six feet). Simulated wood or wrought iron that meets swimming pool
 requirements of the City of Corinth, Texas, may be used subject to
 approval of the Planning and Zoning Commission.
 
 

       Although
Mavex was aware of the ordinance's requirements and initially agreed to erect a
fence, it later filed suit seeking a judicial declaration that the ordinance's
requirements did not apply to its property. Both Mavex and Corinth filed motions
for summary judgment on the ordinance issue. The trial court denied Mavex's
motion and granted Corinth's motion. Mavex appeals from the trial court's order
granting summary judgment to Corinth.
       In
one issue, Mavex argues that the trial court erred in ruling that the ordinance
requires construction of a masonry screening wall between Mavex's commercial
property and the adjacent multi-family property. Mavex contends that
"residential use" in this ordinance applies only to single-family
residences and not multi-family residences. Mavex has failed, however, to
adequately brief its argument on appeal because it has not cited any record
references. See Tex. R. App. P. 38.1(h); Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284-85 (Tex. 1994).
But in the interests of justice, we will address whether the trial court erred
in granting Corinth summary judgment.
       The
same rules apply to the construction of municipal ordinances that apply to the
construction of statutes. Mills v. Brown, 159 Tex. 110,
316 S.W.2d 720, 723 (1958); Seawall East Townhomes Ass'n v.
City of Galveston, 879 S.W.2d 363, 364 (Tex. App.--Houston [14th
Dist.] 1994, no writ). The proper construction of an ordinance is a question of
law. Johnson v. City of Fort Worth, 774 S.W.2d 653, 656
(Tex. 1989). When the words in an ordinance are clear, they must be given their
literal interpretation. Seawall East Townhomes, 879 S.W.2d
at 364. When an ordinance does not define a term, the court should apply its
ordinary meaning. Monsanto Co. v. Cornerstones Mun. Util. Dist.,
865 S.W.2d 937, 939 (Tex. 1993). The courts should also give serious
consideration to the "[c]ontemporaneous construction of an ordinance by the
agency charged with its enforcement . . . so long as the construction is
reasonable and does not contradict the plain language of the ordinance." SWZ,
Inc. v. Bd. of Adjustment, 985 S.W.2d 268, 270 (Tex. App.--Fort Worth 1999,
pet. denied); see also Sorokolit v.
Rhodes, 889 S.W.2d 239, 241 (Tex. 1994); Seawall East
Townhomes, 879 S.W.2d at 364.
       Because
the screening fence ordinance does not define "residential use," we
will apply its ordinary meaning. Webster's Dictionary defines a
"residence" as "the place where one actually lives or has his
home as distinguished from his technical domicile." Webster's Third New
Int'l Dictionary 1931 (1981). It also defines "residential" as
"used, serving, or designed as a residence or for occupation by residents."
Id. (emphasis added). Furthermore, the plain and ordinary
meaning of "residential use" would include all forms of residences,
including multi-family residences.
       There
is no evidence in the record that Corinth intended a different meaning of
"residential" in the ordinance at issue other than the plain and
ordinary meaning. As a matter of fact, in another ordinance Corinth defined
"residential" to include multi-family residences. Corinth's zoning
ordinance, which defines and classifies uses within the city, defines
"residential district" to include both single family and multi-family
residences. See Monsanto, 865 S.W.2d at 940 (reviewing how
"state" has been defined in other statutes). Because Corinth's
interpretation is reasonable and does not contradict the plain meaning of the
ordinance, we hold the trial court did not err in granting Corinth's motion for
summary judgment. See Tarrant Appraisal Dist. v. Moore,
845 S.W.2d 820, 823 (Tex. 1993). We overrule Mavex's sole issue.
       Pursuant
to rule 45, Corinth in its brief requests that we grant it attorney's fees,
arguing that Mavex's appeal is frivolous. Tex. R. App. P. 45. We decline to do
so.
       We
affirm the trial court's judgment.
 
                                                           SAM
J. DAY
                                                           JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DELIVERED: June 12, 2003

1. See Tex. R. App. P. 47.4.