COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

NUMBER 13-06-001-CV


IN RE: SHORELINE GAS, INC.

 


NUMBER 13-06-018-CV


SHORELINE GAS, INC., Appellant,


v.
 


MILLER & SMITH GAS MARKETING, INC.,

JAMES MARK MILLER AND 

SHANNON KYLE SMITH, Appellees.

 


On petition for writ of mandamus and on appeal from 

the County Court at Law No. 3 of Nueces County, Texas.

 


MEMORANDUM OPINION


 Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Garza
 

 

 Shoreline Gas, Inc. filed a petition for writ of mandamus and an interlocutory appeal
with this Court complaining of two orders entered by Nueces County Court at Law No. 3. 
The underlying proceeding was transferred from the 28th District Court of Nueces County,
Judge Nanette Hasette presiding, to County Court at Law No. 3, Judge Marisela Saldana
presiding. As a preliminary matter, we consider the validity of the transfer to determine
whether County Court at Law No. 3 had jurisdiction to enter the complained of orders. 
Because the transfer violated the local rules of administration, we conclude County Court
at Law No. 3 was without jurisdiction to act and, accordingly, dismiss both the petition for
writ of mandamus and the interlocutory appeal for want of jurisdiction.

I. Factual Background

 Shoreline markets natural gas. Miller & Smith Gas Marketing, Co., Inc. is a
competitor formed by two former employees of Shoreline. While employed with Shoreline,
Miller and Smith signed a Confidentiality and Non-Competition Agreement.

 After terminating their employment with Shoreline, Miller and Smith filed a
declaratory judgment action in Nueces County Court at Law No. 3 against Shoreline. In
the lawsuit, Miller and Smith sought a "declaration of their rights, status or legal relations"
under the Confidentiality and Non-Competition Agreement they had signed with Shoreline. 
Shoreline counterclaimed seeking declaratory relief.

 Following a trial on the merits, the county court rendered a declaratory judgment
which provides:


 The Court finds that the covenant not to compete contained within the
Confidentiality and Non Competition Agreement is invalid and
unenforceable; the Court finds that the covenant not to compete is
severable and the remaining covenants in the Confidentiality and
Non-Competition Agreement are valid and enforceable.


No appeal was taken from the declaratory judgment, which became final July 21, 2004. 
However, six weeks later, Shoreline filed suit in the 28th Judicial District Court of Nueces
County against Miller and Smith for damages and for enforcement of the contract as
provided by the foregoing declaratory judgment. Miller and Smith filed a motion to transfer
the case from the 28th District Court to County Court at Law No. 3. The motion was
submitted to the Presiding Judge for the 5th Administrative District who, in turn, referred
the matter back to Judge Hasette. Thereafter, Miller and Smith filed an opposed Motion
to Appoint Judge of Original Case in which they requested that Judge Hasette, acting as
local administrative judge in the absence of the Honorable Tom Greenwell, to additionally
assign Judge Saldana to hear the case. 

 On August 29, 2005, Judge Hasette entered an order granting Miller and Smith's
Motion to Assign, Appoint and Transfer cause to Judge of Original Case under cause #03-6138-3 to Judge Saldana. (1) Additionally, on September 7, 2005, both Judge Hasette and
Judge Saldana signed an Order of Transfer from the 28th District Court to County Court
at Law No. 3. 

 Following the transfer of the case, Judge Saldana entered an order compelling
production of alleged confidential information. This order forms the basis for Shoreline's
petition for writ of mandamus. On the same date, Judge Saldana denied a request for an
injunction to enforce the declaratory judgment entered July 21, 2004, giving rise to
Shoreline's interlocutory appeal. Because the jurisdictional question is fundamental, we
consider it first. See Tex. Ass'n of Bus. v. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex.
1993).

II. Assignment vs. Transfer

 Shoreline argues that the transfer of the case from the district court to the county
court violated the Nueces County local rules of administration. Specifically, rule 3 provides
in pertinent part: 

Rule 3. TRANSFER OF CASES WITHIN THE COURTS:


(A) Whenever any pending case is related to another case pending,
dismissed, non-suited, or disposed of by another Court the Judge of
either Court, acting as judge of either Court shall, upon motion
(including the Court's own motion) and notice, transfer the case to the
Court in which the earlier case was filed to facilitate the orderly and
efficient disposition of the litigation.


 The following types of cases shall be subject to transfer under this
rule, but this listing is not exclusive and is given by way of example
only:

 ...


 (2) Any cases involving one or more of the same parties as an earlier
filed case and requiring a determination of any of the same questions
of fact or of law as those involved in the earlier case; 

 ...


(C) No civil case may be transferred from a District Court to a County
Court at Law, or from a County Court at Law to a District Court without
the prior consent of the parties and receiving court.


Nueces County Local R. Of Admin. 3.


 Shoreline argues that the Local Rules of Administration for Nueces County were
adopted under the authority of section 74.093 of the Texas Government Code and have
been approved by the Supreme Court of Texas. See Tex. Gov't Code Ann. § 74.093
(Vernon 1998). Shoreline cites In re Rio Grande Valley Gas Co. for the proposition that
judges of Nueces County have a duty to follow and enforce these rules of administration. 
987 S. W.2d 167, 176 (Tex. App.-Corpus Christi 1999, orig. proceeding). In Rio Grande
Valley Gas. Co., we held that a transfer order that fails to comply with the local rules is
void. See id. Shoreline relies on subsection (C) of Local Rule 3 for its argument that the
transfer is void because it did not consent to the transfer. 

 Miller and Smith argue that even in the absence of a transfer, Judge Hasette
properly assigned the case to Judge Saldana pursuant to sections 74.094(a) (2) and
25.1802(a)(7) (3) of the Texas Government Code. See Tex. Gov't Code Ann. §
25.1802(a)(7) (Vernon 2004), Tex. Gov't Code Ann. § 74.094(a) (Vernon 1998). They 
further argue that Shoreline has failed to challenge the assignment on appeal.

 We must first determine whether this case was assigned to Judge Saldana or
transferred to County Court at Law No. 3. There were two orders signed by Judge Hasette. 
The first order granted Defendants' Motion to Assign, Appoint and Transfer cause to Judge
of Original Case under cause #03-6138-3 to Judge Saldana. The second was an Order
of Transfer signed by both judges. Although arguments for both were made to Judge
Hasette, based on the transcript and the orders signed, it is clear that the case was
transferred to County Court at Law No. 3 and that Judge Saldana was not assigned to
District Court to hear the pending case. The record reflects the following exchange: 

THE COURT: I think it should go to Judge Saldana's court because
she's the one who entered that final judgment.

 . . .


MR. HARRIS: Your Honor, for clarity, I understand your ruling, for
clarity, will it be tried in the district court or county court?


MR. PLETCHER: I believe, Your Honor, under the rules, it should be an
appointment of Judge Saldana in this cause number in
this court.


MR. HARRIS: So you are going to - - okay.


THE COURT: I think we have - - I think there is a rule where we can
transfer civil cases back and forth.


 Further, section 74.094(a) contemplates assignment of a judge to hear a matter that
is pending in a particular court. See Tex. Gov't Code Ann. § 74.094(a). This statute
functions to permit judges to act in the absence of a transfer between courts. Miller v.
Woods, 872 S.W.2d 343, 346 (Tex. App.-Beaumont 1994, orig. proceeding). Had Judge
Hasette assigned Judge Saldana to the case, the cause would have remained in the 28th
District Court in which it was pending. We conclude the case was transferred to County
Court at Law No. 3 pursuant to the Nueces County local rules of administration. We now
proceed to determine the validity of the transfer.

III. Validity of Transfer

 The Code Construction Act applies to rules adopted under a code. See Tex. Gov't
Code Ann. § 311.002(4) (Vernon 1998). The Nueces County Local Rules of Administration
were adopted pursuant to section 74.093 of the Texas Government Code and are,
accordingly, subject to the Act. See id.; Tex. Gov't Code Ann. § 74.093(a). 

 Shoreline argues the transfer is void because it did not consent to the transfer in
accordance with Local Rule 3. Miller and Smith advance four reasons why Shoreline's
argument should not stand. First, they argue that Shoreline incorrectly gives the more
general rule, Local Rule 3(C), controlling effect over the more specific rule, Local Rule 3(A),
for transfer of related cases. The parties agree that the law applicable to construction of
rules provides that controlling effect should be given to a specific provision over a general
one. When a specific provision and a general provision genuinely conflict with one
another, the specific provision should be read as controlling over the general provision or
as creating an exception to the general provision. See Tex. Gov't Code Ann. § 311.026(b)
(Vernon 1998); see also Tex. Gov't Code Ann. § 311.026(a) ("If a general provision
conflicts with a special or local provision, the provisions shall be construed, if possible, so
that effect is given to both."); Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 531 (Tex. 2002). 

 However, the parties diverge on which provision is the general and which is the
specific. Miller and Smith contend that subsection (C) of Local Rule 3 is the general and
that subsection (A) is the specific. Shoreline contends the opposite. We agree with
Shoreline. Subsection (A) of the rule deals with all cases in general. Subsection (C) deals
specifically with cases transferred between District Courts and County Courts at Law, and,
therefore, is limited to a subset of cases that may be subject to transfer under subsection
(A). We interpret subsection (A) to be the general provision and subsection (C) to be the
specific and, accordingly, we give subsection (C) controlling effect. See Tex. Gov't Code
Ann. § 311.026. 

 Next, Miller and Smith argue that Shoreline's theory ignores the plain language of
Nueces County Local Rule 1 that the local rules cannot limit the authority or jurisdiction of
any court or judge. Local rule 1 provides:

These rules shall apply to civil and criminal cases pending before the courts
of Nueces County and to District Courts and County Courts at Law. It is not
the intent of these rules to impinge on the authority or jurisdiction of any
Judge or Court established by the Constitution or the Statutes of this State
or the Supreme Court of Texas. 


Nueces County Local R. Of Admin. 1. Miller and Smith additionally argue that the rule
furthers the canon of statutory construction that a rule should not be interpreted as
conflicting with a statute. Specifically, Miller and Smith suggest that Shoreline's
interpretation of Local Rule 3 conflicts directly with section 74.094(a) of the Texas
Government Code. See Tex. Gov't Code Ann. § 74.094(a). We disagree. 

 A distinction must be made between a suit transferred from district court to county
court at law, or vice versa, and a suit in which a county court at law judge is assigned to
hear cases in district court for a district court judge. In re Nash, 13 S.W.3d 894, 896 (Tex.
App.-Beaumont 2000, orig. proceeding). Under section 74.094, a presiding judge of a
judicial administrative region may appoint a county court at law judge to sit for a district
judge in a district court case in the same county. Id. at 897. Had the presiding judge
assigned Judge Saldana to hear the case, we would agree that application of Local Rule
3(C) would be impinging on the authority of the presiding judge. However, the transfer of
a case is governed by the local rules, enforcement of which is mandated by the Texas
Government Code. See Tex. Gov't Code Ann. § 74.092. The Texas Government Code
provides for the adoption of local rules of administration and the selection of a local
Administrative Judge within the county to implement and execute "the local rules of
administration, including the assignment, docketing, transfer, and hearing of cases." Id.
at subsection (1); see also Tex. Gov't Code Ann. §§ 74.0911, 74.093 (Vernon 1998); In
re Rio Grande Valley Gas Co. at 176. 

 The ability to transfer cases among the courts within the same county is a very
necessary tool in the orderly administration of justice. See Johnson v. Pettigrew, 786
S.W.2d 45, 47-48 (Tex. App.-Dallas, no writ). The expeditious movement of caseloads
within the county is thus accomplished through transfer proceedings between the courts
of that particular county, as provided by local rule and implemented by the local
administrative judge in accordance with the local rules. See Tex. Gov't Code Ann. §
74.094(c). We conclude that Nueces County Local Rule 3 as mandated by the Texas
Government Code does not conflict with section 74.094 of the Texas Government Code. 
 Third, Miller and Smith claim that Shoreline's argument that Local Rule 3(C) trumps
the transfer of a related case under Local Rule 3(A) would provide parties who engage in
unjust and wasteful forum shopping, the right to undo a transfer designed to remedy that
misconduct. 

 In construing the rule, we presume that a just and reasonable result is intended. 
Tex. Gov't Code Ann. § 311.021(3) (Vernon 1998). The Nueces County Local Rules
appear to be written and approved after thoughtful consideration by the drafters. For some
unspecified reason, the drafters saw fit to place a special restriction on the transfer of civil
cases between district and county courts. (4) A plain reading of the rule is that cases can be
transferred from district court to district court and from county court to county court without
regard to the consent of the parties. However, in a situation such as the one before us, a
transfer from a district court to county court requires consent. Quantum Chem. Corp. v.
Toennies, 47 S.W.3d 473, 479 (Tex. 2001) (stating "[a] basic rule of statutory construction
is that we enforce the plain meaning of an unambiguous statute."). "Texas courts have
universally adopted the 'clear and unambiguous meaning' test" under which courts may
"interpret the ordinance only if the language's meaning is not clear and plain on the law's
face. If the language is clear and plain, the court is bound by the language's 'plain
meaning.'" See Texans to Save the Capitol, Inc. v. Bd. of Adjustment, 647 S.W.2d 773,
775 n.4 (Tex. App.-Austin 1983, writ ref'd n.r.e.); see also Seawall East Townhomes Ass'n
Inc. v. City of Galveston, 879 S.W.2d 363, 364 (Tex. App.-Houston [14th Dist.] 1994, no
writ) (stating "[w]hen the words in an ordinance or statute are clear, the ordinance must be
given its literal interpretation."). "In other words, if the disputed phrase is clear and
unambiguous, extrinsic aids and rules of construction are inappropriate and the ordinance
should be given its common meaning." City of Austin v. Hyde Park Baptist Church, 152
S.W.3d 162, 166 (Tex. App.-Austin 2004, no pet.). To read the rule as Miller and Smith
suggest would render subsection (C) superfluous, a result we do not believe was intended
by the drafters, and contrary to the Code Construction Act's presumption that the entire
rule is intended to be effective. See Tex. Gov't Code Ann. § 311.021(2).

 Finally, Miller and Smith argue that even if subsection (C) of Local Rule 3 were
interpreted as limiting Judge Hasette's statutory authority to transfer this related case and
the statutory jurisdiction of Judge Saldana and her court to hear it, it could not be given
effect as contrary to the jurisdictional statutes. They cite to sections 25.1802(a)(1),
25.1802(a)(7), and 74.094(a) of the Texas Government Code in support of their contention. 
However, this argument is redundant and has already been addressed. See Tex. R. App.
P. 47.1. 

 We hold the orders transferring the case from the 28th District Court of Nueces
County to Nueces County Court at Law No. 3 are void. Accordingly, Judge Saldana was
without jurisdiction to enter the complained-of orders. We, therefore, dismiss both the
petition for writ of mandamus and the interlocutory appeal for want of jurisdiction.



 _______________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 17th day of August, 2006.




 
1. In its Reply Brief, Shoreline urges us to consider a letter from Judge Greenwell's Court Manager
stating that Judge Greenwell, the local administrative judge, was presiding on August 29, 2005, and therefore,
Judge Hasette could not have been "acting local administrative judge" on that date. Because of our
determination that the case was transferred to County Court at Law No. 3, as opposed to assigned to Judge
Saldana, we do not address this point. See Tex. R. App. P. 47.1. 
2. A district or statutory county court judge may hear and determine a matter pending in any district or
statutory county court in the county regardless of whether the matter is preliminary or final or whether there
is a judgment in the matter. Tex. Gov't Code Ann. § 74.094(a) (Vernon 1998).
3. "[A] county court at law in Nueces County has . . . jurisdiction in all cases assigned, transferred, or
heard under Sections 74.054, 74.059, and 74.094, Government Code." Tex. Gov't Code Ann. § 25.1802(a)(7)
(Vernon 2004).
4. We note that the Texas Constitution, the Texas Government Code and the Texas Rules of Civil
Procedure give district judges broad discretion to exchange benches or transfer cases; however, this case
involves a transfer from district court to county court at law and is not subject to those provisions. See Tex.
Const. art. V, § 11; Tex. Gov't Code Ann. § 24.303(a) (Vernon 2004); Tex. R. Civ. P. 330(e).