

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 22, 2005

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
1450 East McKinney, Suite 3100
Post Office Box 2850
Denton, Texas 76202

Opinion No. GA-0306

Re: Whether sections 85.003 and 86.011 of the Local Government Code provide that a deputy constable's appointment is revoked on the deputy's indictment for a felony (RQ-0268-GA)

Dear Mr. Isaacks:

You ask whether sections 85.003 and 86.011 of the Local Government Code provide that a deputy constable's appointment is revoked on the deputy's indictment for a felony.[1]

Section 86.011 of the Local Government Code establishes procedures for appointing deputy constables. Section 86.011(a) provides that a constable who wishes to appoint a deputy must apply in writing to the commissioners court, must demonstrate that he or she needs a deputy to handle precinct business, and must name the proposed deputy. *See* TEX. LOC. GOV'T CODE ANN. § 86.011(a) (Vernon 1999). If the commissioners court determines that the constable needs a deputy, the court "shall approve and confirm the appointment." *Id.* Section 86.011(b), which is the focus of your request, provides, "Each deputy must *qualify* in the manner provided for deputy sheriffs." *Id.* § 86.011(b) (emphasis added). The remainder of section 86.011 provides for constables' liability for deputies' acts and establishes that it is an offense for a person to serve as a deputy constable without an appointment or for a constable to issue a deputyship without commissioners court approval.[2]

---

[1] *See* Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 27, 2004) (on file with Opinion Committee, *also available at* http://www.oag .state.tx.us) [hereinafter Request Letter].

[2] *See* TEX. LOC. GOV'T CODE ANN. § 86.011(c) (Vernon 1999) ("The constable is responsible for the official acts of each deputy of the constable. The constable may require a deputy to post a bond or security. A constable may exercise any remedy against a deputy or the deputy's surety that a person may exercise against the constable or the constable's surety."), (d) ("A person commits an offense if the person: (1) serves as a deputy constable and the person has not been appointed as provided by Subsection (a); or (2) is a constable and issues a deputyship without the consent and approval of the commissioners court."), (e) ("An offense under Subsection (d) is punishable by a fine of not less than $50 or more than $1,000.").

By implication, section 86.011(b) references the statute governing deputy sheriff appointments, section 85.003 of the Local Government Code. It provides as follows:

>   (a) The appointment of a deputy sheriff must be in writing.

>   (b) A person appointed as a deputy, before beginning to perform the duties of office, must take and subscribe the official oath, which, together with the certificate of the officer administering the oath, must be endorsed on the appointment. The appointment and oath shall be deposited and recorded in the county clerk's office. A list of the appointments shall be posted in a conspicuous place in that office.

>   (c) A deputy serves at the pleasure of the sheriff. However, *the appointment of a deputy is revoked on indictment of the deputy for a felony.*

>   (d) A sheriff is responsible for the official acts of a deputy and may require that a deputy execute a bond or other security. A sheriff has the same remedies against a deputy and the deputy's sureties as any other person has against the sheriff and the sheriff's sureties.

>   (e) A deputy may perform the acts and duties of the deputy's principal.

*Id.* § 85.003 (emphasis added).

You wish to know whether the language in section 85.003(c) providing that the appointment of a deputy sheriff is revoked on indictment of the deputy for a felony applies to a deputy constable. *See* Request Letter, *supra* note 1, at 1-2. This depends upon the meaning of the term "qualify" in section 86.011: "Each deputy must *qualify* in the manner provided for deputy sheriffs." TEX. LOC. GOV'T CODE ANN. § 86.011(b) (Vernon 1999) (emphasis added).

In construing section 86.011(b), we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 1998); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must construe it according to its plain language, *see In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985), considering it in the broader context of sections 85.003 and 86.011 as a whole, *see Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone.") (citations omitted); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases to be read in context). "Words and phrases that have acquired a technical or particular meaning,

whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998).

You suggest that the word "qualify" in section 86.011(b) refers to whether a deputy is qualified to hold the position, in the sense that he or she must meet certain statutory eligibility requirements to serve as deputy constable. *See* Request Letter, *supra* note 1, at 2. However, the term's use in this particular context does not support this construction. As one Texas court has noted, the words qualify and qualified are legal terms of art with significantly different meanings:

> The definition of "qualify" is "[t]o make one's self fit or prepared to exercise a right, office, or franchise. To take the steps necessary to prepare one's self for an office or appointment, as by taking oath, giving bond, etc." Black's Law Dictionary p. 1241 (6th ed. 1990). While "qualified" is defined as "[a]dapted; fitted; entitled; susceptible; capable; competent; fitting; possessing legal power or capacity; eligible; as a 'qualified voter.'" *Id.*

*Nichols v. Lincoln Trust Co.*, 8 S.W.3d 346, 350 (Tex. App.–Amarillo 1999, no pet.); *see also* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) (words are to be construed in context and according to common usage unless they have acquired a technical or particular meaning). In the phrase "qualify in the manner provided for deputy sheriffs" in section 86.011(b), the word "qualify," a verb, plainly refers to the steps a person must take to assume office rather than whether the person meets certain qualifications and is eligible to serve. This construction is further supported by the fact that the deputy sheriff statute describes steps a deputy sheriff must take before assuming the office, such as taking an oath, *see* TEX. LOC. GOV'T CODE ANN. § 85.003(b) (Vernon 1999), but does not establish qualifications a deputy sheriff must meet to be eligible to serve. *Compare id.* § 85.003 *with id.* §§ 85.0011 (sheriff qualifications), 86.0021 (constable qualifications).[3]

Moreover, we note that this construction is consistent with a number of statutes that use the term "qualify," including variants of the phrase "qualify in the manner," in connection with holding office, to describe actions a person takes to assume office. *See, e.g.*, TEX. ELEC. CODE ANN. §§ 2.053(c) (Vernon Supp. 2004-05) ("A certificate of election shall be issued to each [unopposed] candidate in the same manner and at the same time as provided for a candidate elected at the election. The candidate must qualify for the office in the same manner as provided for a candidate elected at the election."), 201.025 (Vernon 2003) ("If an officer accepts another office and the two offices may not lawfully be held simultaneously, a vacancy in the first office occurs on the date the person qualifies for the other office."), 201.029 ("If an officer-elect declines to qualify for the office before assuming office for the term for which elected, a vacancy in the term occurs on the date the

---

[3]By contrast, the Occupations Code provides that "a person may not appoint a person to serve as an officer, county jailer, or public security officer unless the person appointed holds an appropriate license issued by the commission." TEX. OCC. CODE ANN. § 1701.301 (Vernon 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 2004-05) ("The following are peace officers: . . . deputy constables[.]"); TEX. OCC. CODE ANN. § 1701.001(3) (Vernon 2004) ("'Officer' means a peace officer or reserve law enforcement officer."), (4) ("'Peace officer' means a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, or other law.").

declination is delivered to the appropriate authority."); TEX. GOV'T CODE ANN. §§ 321.008(a) (Vernon 1998) ("To qualify for office, the State Auditor must take the constitutional oath of office."), 601.003(b) (Vernon 2004) ("A person elected to a regular term of office shall qualify and assume the duties of the office on, or as soon as possible after, January 1 of the year following the person's election."); *see also L & M-Surco Mfg., Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex. Civ. App.–Tyler 1979, writ dism'd) (when "the same or a similar term is used in the same connection in different statutes, it will be given the same meaning in one that it has in another, unless there is something to indicate that a different meaning was intended").[4]

For these reasons, we construe the phrase "qualify in the manner provided for deputy sheriffs" in section 86.011(b) to refer to the steps a deputy sheriff must take to assume office set out in section 85.003. TEX. LOC. GOV'T CODE ANN. § 86.011(b) (Vernon 1999). Specifically, section 85.003(b) provides that, before beginning to perform the duties of office, a person appointed as a deputy sheriff must "take and subscribe the official oath, which, together with the certificate of the officer administering the oath, must be endorsed on the appointment. The appointment and oath shall be deposited and recorded in the county clerk's office." *Id.* § 85.003(b). Section 86.011(b) requires a deputy constable to take the same procedural steps before beginning to perform the duties of office. *See* Tex. Att'y Gen. Op. No. DM-156 (1992) at 2 ("Once approved, the proposed deputy constable must qualify for office in the same manner as a deputy sheriff; that is, the deputy constable must take and subscribe the official oath.") (citing Local Government Code, sections 85.003(b) and 86.011(b)).

We do not construe section 86.011(b) to incorporate section 85.003(c), which provides that a deputy sheriff serves "at the pleasure of the sheriff" and that "the appointment of a deputy is revoked on indictment of the deputy for a felony." TEX. LOC. GOV'T CODE ANN. § 85.003(c) (Vernon 1999). Section 85.003(c) does not govern the steps a deputy sheriff must take to assume the position but rather governs a deputy sheriff's right to continue to hold the position after formally qualifying under section 85.003(b). By its plain terms, section 86.011(b) governs the steps a deputy constable must take to assume the position and does not address deputy constables' employment status thereafter. *See id.* § 86.011(b) ("Each deputy must qualify in the manner provided for deputy sheriffs."). Applying Texas common-law principles assuming at-will employment and acknowledging county officers' authority to select and dismiss their employees, courts have held that under common law a deputy constable serves at the pleasure of the constable who sought his or her appointment. *See Renken v. Harris County*, 808 S.W.2d 222, 224 (Tex. App.–Houston [14th Dist.] 1991, no writ). As a result, deputy constables are similar to deputy sheriffs in this regard. However, we have located no case suggesting that the appointment of a deputy constable is revoked on

---

[4]Similarly, the word "qualified" is used in the Texas Constitution to refer to having completed the act of taking the legal steps necessary to assume office. *See, e.g.*, TEX. CONST. art. V, § 18(b) ("Each county shall, in the manner provided for justice of the peace and constable precincts, be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold his office for four years and *until his successor shall be elected and qualified*.") (emphasis added), art. XVI, § 17 ("All officers within this State shall continue to perform the duties of their offices *until their successors shall be duly qualified*.") (emphasis added).

indictment of the deputy for a felony by operation of section 85.003(c).[5]    And given section 86.011(b)'s plain language, which provides only that a deputy constable shall *qualify* in the same manner as deputy sheriffs, we cannot reach that conclusion.

Finally, we note that a deputy constable who is indicted for a felony is not necessarily immune from adverse employment consequences. A deputy constable who is an at-will employee, and whose employment thus may be terminated with or without cause, may be dismissed by the appointing constable.[6] In addition, state law expressly provides that a person who has been *convicted* of a felony is disqualified to be a peace officer and that "a law enforcement agency may not appoint or employ[] the person." TEX. OCC. CODE ANN. § 1701.312(a) (Vernon 2004); *see also supra* note 3.

---

[5]*But see* 36 DAVID BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW, § 20.10, at 118 & n.30 (2d ed. 2002) (stating that a person who has been indicted for a felony may not serve as either deputy sheriff or deputy constable) (citing Local Government Code, sections 85.003(c) and 86.011(b)).

[6]Not all deputy constables are at-will employees. Section 158.002 of the Local Government Code has been construed to allow counties with populations of 200,000 or more to extend the county civil service system to include positions like deputy constable. *See* TEX. LOC. GOV'T CODE ANN. § 158.002 (Vernon 1999); *County of Dallas v. Wiland,* 124 S.W.3d 390, 396-97 (Tex. App.–Dallas 2003, pet. filed); *see also* Tex. Att'y Gen. Op. No. DM-385 (1996) (concluding that a civil service commission in a county with a basic civil service system created under subchapter A of chapter 158 of the Local Government Code may adopt a rule defining deputy constables as employees covered by the system). You inform us that deputy constables in your county are not subject to a civil service plan. *See* Request Letter, *supra* note 1, at 3.

## S U M M A R Y

Sections 85.003 and 86.011 of the Local Government Code do not provide that a deputy constable's appointment is revoked on the deputy's indictment for a felony.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee