NO. 07-05-0317-CR
 
IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 20, 2007
                                       ______________________________

JESSE R. GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400059; HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 
ORDER RECALLING MANDATE
          On September 28, 2007, this Court issued its opinion and judgment in this appeal,
affirming the judgment of the trial court, and on December 18, 2007, we issued our
mandate. The Court of Criminal Appeals, however, on November 28, 2007, granted
appellant an extension of time to file a petition for discretionary review, through December
28, 2007. This Court’s mandate was issued prematurely. Tex. R. App. P. 18.1.
           Accordingly, on its own motion, the Court recalls its mandate dated December 18,
2007, and directs that it be given no effect. Tex. R. App. P. 18.7, 19.3. If the trial court has
issued a capias for appellant’s arrest pursuant to Rule of Appellate Procedure 51.2, the
trial court shall direct that it be returned to the trial court unexecuted. Tex. R. App. P. 51.2. 
           It is so ordered.
 
                                                                Per Curiam
 
Do not publish.
 
 
 



EM>Nichols v. Lincoln Trust Company, 8 S.W.3d 346, 349 (Tex.App.--Amarillo 1999, no pet.). The first rule of statutory construction is to determine the intent
of the enacting body and then give effect to that intent. Sorokolit v. Rhodes, 889 S.W.2d
239, 241 (Tex. 1994).

 In essence, the State claims that a "manager" is a "person who conducts any
business in an enterprise with respect to any activity conducted on the premises of the
enterprise." The State then concludes that because the Ordinance provides, inter alia, 
that a person who operates a cash register "shall be deemed to be conducting business
in an enterprise," appellant falls within the definition of "manager." However, if this
concept is correct, and anyone who operates a cash register or provides any service for
a customer is a "manager," there would be no need for the Ordinance to contain a
definition of an "employee," which is separately defined. Simply put, under the State's
theory, every person who operates a cash register or provides any service for a customer
is a "manager."

 Black's Law Dictionary, Sixth Edition (1990), provides that "[t]he designation of
'manager' implies general power and permits reasonable inferences that the employee so
designated is invested with the general conduct and control of his employer's business."
Id. at 960. Specifically, the Ordinance provides that a "manager" is "[a]ny person who
supervises, directs or manages any employee of an enterprise or any other person who
conducts any business in an enterprise . . ." (emphasis added). Considering the common
meaning of "manager" as well as the definition used in the Ordinance, the reasonable
construction of the term refers to a person "who supervises, directs, or manages" any
employee of the enterprise, or any other person who conducts any business or activity on
the premises of the enterprise. This construction gives effect to the entire context of the
relevant provisions of the Ordinance.

 We also find support for our construction of the Ordinance's definition of "manager"
in the reasoning applied in Pedraza. In that case, the court held that employee Pedraza
was not an operator. Pedraza, 34 S.W.3d at 700. In the Ordinance, "operator" is defined
as the "manager or other natural person principally in charge of an enterprise." Thus, if
a person fit within the Ordinance's definition of "manager," he would also, by definition, be
an "operator." It is noteworthy that en route to its conclusion, the Pedraza court reasoned
that, "[r]eading the definition of operator within the context of all the relevant provisions,
it is clear that the City intended 'operator' to mean more than a clerk or an employee who
simply 'minds the store.'" Id. at 699-700.

 For the reasons we have expressed in some detail, we remain convinced that our
original disposition of this appeal was correct and overrule the State's motion for
rehearing.


 John T. Boyd

 Chief Justice


Do not publish.


 
1. The Code Construction Act is contained within sections 311.001 et seq. of the
Texas Government Code (Vernon 1998).